[Cite as *Onemain Financial Group, L.L.C. v. Jeter*, 2026-Ohio-2569.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## JEFFERSON COUNTY

ONEMAIN FINANCIAL GROUP, LLC,

Plaintiff-Appellee,

v.

TREY D. JETER,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 26 JE 0001**

---

Civil Appeal from the
Steubenville Municipal Court of Jefferson County, Ohio
Case No. 25-CVH-133

**BEFORE:**
Carol Ann Robb, Cheryl L. Waite, Mark A. Hanni, Judges.

---

**JUDGMENT:**
Affirmed.

No brief filed for Plaintiff-Appellee and

*Trey D. Jeter*, pro se.

Dated: July 1, 2026

_____

**Robb, J.**

**{¶1}** Appellant, Trey D. Jeter, appeals the trial court's December 22, 2025 judgment overruling his motion for relief from judgment. Jeter argues the trial court erred by granting summary judgment when he was not provided notice and since he had been actively participating in the proceedings. Jeter also asserts the trial court erred in its calculation of damages. For the following reasons, we affirm.

Statement of the Case

**{¶2}** Appellee, Onemain Financial Group LLC, as servicer for ("ASF"), Wilmington Trust, N.A., as issuer loan trustee for Onemain Financial Issuance Trust 2020-2 (hereafter Onemain), filed a complaint for breach of contract against Trey D. Jeter, alleging Jeter owes Onemain $6,586.95. Onemain attached an affidavit of its representative to its complaint and a copy of the loan agreement between Onemain and Jeter. (March 10, 2025 Complaint.)

**{¶3}** Jeter filed a pro se answer to the complaint in letter form. The answer does not deny Jeter owes the amount sought in the complaint or that Jeter executed the loan attached to Onemain's complaint. Jeter instead contests the validity and enforcement of the debt because the statute of limitations may have expired; because Onemain did not seek repossession of the vehicle used for loan collateral; the agreement dictates any disputes were to be determined via arbitration; and Onemain made no meaningful effort to resolve its claim against Jeter. (April 22, 2025 Answer.)

**{¶4}** A telephone pretrial was held and Onemain's counsel failed to participate. Jeter participated pro se. The trial court accepted Jeter's letter as an answer and noted he raised a statute of limitations defense; failure to mitigate damages defense; and a claim that Onemain failed to abide by the parties' agreement to arbitrate. The trial court also set discovery and dispositive motion deadlines. The court set the case for a final telephone pretrial conference. (May 27, 2025 Judgment.)

**{¶5}** On August 5, 2025, Onemain filed a motion for summary judgment. In support of its motion, Onemain attached the affidavit of a company representative. He avers that Jeter owes Onemain the amount alleged in the complaint. Onemain also

attached a copy of the loan agreement and Jeter's account information. The proof of service attached to the motion states Onemain mailed the motion to Jeter via first-class mail on July 30, 2025. (August 5, 2025 Summary Judgment Motion.)

{¶6} Jeter did not file a response. The trial court granted summary judgment in Onemain's favor in the amount of $6,586.95, plus court costs. (September 9, 2025 Judgment.)

{¶7} Jeter filed a motion for relief from judgment. He avers he did not have a fair opportunity to defend the claims against him because of serious medical conditions, "including heart disease, a partially collapsed lung, and liver disease, which significantly limited his capacity to respond and appear in court." Jeter asserted he had defenses, including Onemain's failure to follow the arbitration provision and its failure to mitigate damages. (October 2, 2025 Motion for Relief from Judgment.)

{¶8} Jeter did not attach documents or evidence in support of this motion. Although he alleged he suffered from certain medical conditions, Jeter did not aver he was hospitalized or incapacitated at the time that Onemain's motion for summary judgment was filed such that he was incapable of filing a response. Jeter did not otherwise explain his failure to file a timely opposition to Onemain's motion for summary judgment. (October 2, 2025 Motion for Relief from Judgment.)

{¶9} The trial court provided Onemain 14 days to respond. Before Onemain filed its response, Jeter filed a supplement to his motion for relief from judgment. Jeter again alleged his medical conditions "impaired [his] ability to manage [his] legal and personal affairs." He also alleged his failure to respond "was not due to disregard or negligence." Jeter attached certain unverified and uncertified medical records to his motion showing he received medical care during August and September of 2025. (October 14, 2025 Motion for Relief from Judgment.)

{¶10} Onemain opposed Jeter's motion. It argued Jeter failed to show or allege a meritorious defense or a valid reason warranting relief from judgment. Onemain asserted Jeter did not demonstrate a "sufficient excuse" for his failure to file a summary judgment response. It also argued he did not allege a defense that could change the outcome of the proceedings. (October 14, 2025 Opposition.)

{¶11} The trial court summarily overruled Jeter's motion for relief from judgment. (October 23, 2025 Judgment.)

{¶12} Jeter subsequently filed a motion to dismiss, which was captioned a "Renewed Motion to Dismiss or, in the alternative, to compel arbitration." This motion does not have a certificate of service or otherwise show it was sent to Onemain. (October 27, 2025 Motion to Dismiss.) The trial court overruled Jeter's motion to dismiss the next day.

{¶13} On December 8, 2025, Jeter filed a second motion for relief from judgment captioned as an "Omnibus Motion for Relief from Judgment." Jeter asked the court to grant him relief from the summary judgment decision against him; to stay the proceedings; and to compel the arbitration of the case. This motion does not contain a certificate of service or indicate it was sent to Onemain. (December 8, 2025 Motion for Relief from Judgment.)

{¶14} The trial court overruled Jeter's second motion for relief from judgment. The court explained Jeter failed to respond to Onemain's summary judgment motion. The court also noted it "does not find excusable neglect in [Jeter's] failing to timely respond to the summary judgment because of medical reasons." The court also held "there is nothing before the Court that would indicate a meritorious defense" and Jeter "is mistaken" that the parties' agreement required arbitration since it states this was "an optional remedy." (December 9, 2025 Judgment.)

{¶15} Thereafter, Jeter filed a third motion for relief from judgment and combined motion to compel arbitration. He also filed an affidavit in support. Jeter's affidavit states he did not receive notice of the hearing he allegedly failed to attend. He also averred his medical conditions "substantially impacted" his ability to "manage legal matters" and constituted "excusable neglect." (December 17, 2025 Motion & Affidavit.)

{¶16} The trial court denied Jeter's motion for relief from judgment a third time. The court again emphasized Jeter failed to assert a meritorious defense and failed to show excusable neglect. The trial court stated in bold print it was not going to reconsider its decision to grant Onemain summary judgment. (December 22, 2025 Judgment.)

{¶17} Onemain filed a motion for garnishment to attach Jeter's earnings to satisfy the judgment. (December 29, 2025 Motion for Garnishment.)

{¶18} Jeter filed a motion to stay execution of the judgment pending appeal. (January 5, 2025 Motion to Stay.)  Jeter also filed a notice of appeal from the trial court's December 22, 2025 judgment.  The trial court denied his motion to stay the proceedings pending appeal.  He raises three assignments of error.

Assignments of Error

{¶19}  Jeter's assignments of error assert:

"[1.]  The trial court erred by entering judgment without proper notice.

"[2.]  The trial court abused its discretion by entering judgment despite Defendant-Appellant's participation.

"[3.]  The trial court erred concerning the calculation of the alleged debt."

{¶20}  Each of Jeter's assignments of error challenges the substance of the trial court's September 9, 2025 decision granting Onemain summary judgment.  His arguments on appeal do not address the merits of the trial court's decision overruling his motion for relief from judgment.

{¶21}  To prevail on a Civ.R. 60(B) motion, the movant must demonstrate:

(1) the party has a meritorious defense or claim to present if relief is granted;

(2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken.

*GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 150-151 (1976). If any of the three requirements are not met, the motion must be denied. *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 20 (1988).

{¶22}  We generally review judgments denying motions for relief from judgment for an abuse of discretion.  *State ex rel. Russo v. Deters*, 80 Ohio St.3d 152, 153 (1997). Whether relief should be granted is ordinarily left to the sound discretion of the trial court. *Griffey v. Rajan*, 33 Ohio St.3d 75, 77 (1987).  Thus, absent a showing the trial court's decision was unreasonable or unconscionable, we must affirm.  *Id.*

{¶23}  However, when faced with successive Civ.R. 60(B) motions arising from the same trial court judgment, res judicata applies.  Res judicata applies when there is "a prior final, valid decision on the merits by a court of competent jurisdiction" between the

same parties or others in privity. *Jodka v. Toledo*, 2023-Ohio-4796, ¶ 48 (6th Dist.), quoting *Lycan v. Cleveland*, 2022-Ohio-4676, ¶ 24.

{¶24} "[R]es judicata prevents the successive filings of Civ.R. 60(B) motions for relief from a valid, final judgment when based upon the same facts and same grounds or based upon facts that could have been raised in the prior motion." *Beck-Durell Creative Dept., Inc. v. Imaging Power, Inc.,* 2002-Ohio-5908, ¶ 16 (10th Dist.); *Roberts v. Roberts,* 2004-Ohio-5799, ¶ 25 (2d Dist.). We note, however, a successive motion for relief from judgment is not barred by res judicata if the subsequent motion is based on different facts, asserts different grounds for relief, or if an argument raised in the latter motion could not have been raised in the earlier one. *Kay B. v. Timothy C.*, 117 Ohio App.3d 598, 602 (6th Dist. 1997).

{¶25} Here, the trial court granted summary judgment in Onemain's favor. Jeter did not appeal. Jeter filed his first motion for relief from judgment claiming he did not respond to the summary judgment motion due to his ongoing medical issues. Jeter also claimed Onemain failed to mitigate its damages and failed to abide by the parties' arbitration agreement.

{¶26} The trial court overruled his first Civ.R. 60(B) motion. The court's October 23, 2025 judgment overruling Jeter's first motion for relief from judgment was a final judgment. Jeter did not appeal.

{¶27} Thereafter, Jeter filed two subsequent motions for relief from judgment. As stated, Jeter's December 17, 2025 motion for relief from judgment reasserted the arguments raised in his first Civ.R. 60(B) motion. Jeter's arguments raised in this appeal could have been raised in a timely appeal from the original judgment issued September 9, 2025 granting Onemain summary judgment or in a timely appeal from the court's judgment denying his initial Civ.R. 60(B) motion.

{¶28} Because the trial court's December 22, 2025 decision overruling Jeter's third Civ.R. 60(B) motion is based on the same grounds and facts raised in his first Civ.R. 60(B) motion, his third motion is barred by res judicata. *Lycan v. Cleveland*, 2022-Ohio-4676, ¶ 24. A motion for relief from judgment cannot be used as a substitute for an appeal. *Harris v. Anderson*, 2006-Ohio-1934, ¶ 9.

{¶29} In light of the foregoing, Jeter's assignments of error lack merit and are overruled.

Conclusion

{¶30} Jeter's assignments of error lack merit, and the trial court's judgment is affirmed.


Waite, P.J., concurs.

Hanni, J., concurs.

_____

For the reasons stated in the Opinion rendered herein, the assignments of error are overruled and it is the final judgment and order of this Court that the judgment of the Steubenville Municipal Court of Jefferson County, Ohio, is affirmed.  Costs waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**